Joan D. Lane (formerly Joan L. Fillet) v. Commissioner.
Lane v. Commissioner
Docket No. 6020-65.
United States Tax Court
T.C. Memo 1967-46; 1967 Tax Ct. Memo LEXIS 216; 26 T.C.M. (CCH) 240; T.C.M. (RIA) 67046; March 9, 1967
*216 Eugene H. Feldman, for the petitioner. Agatha Vorsanger, for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a $2,084.03 deficiency in petitioner's income tax for 1962. Two related questions are before us for decision: the availability of a $600 exemption for petitioner's infant child and a deduction of $3,380 for medical expenses incurred in respect of that child. Facts stipulated by the parties are incorporated herein by reference. During 1962 petitioner was married to Henry Fillet, and resided with him in an apartment in New York City. The household consisted of the spouses, two children and a nurse. Petitioner and her husband separated in 1963 and were subsequently divorced. She filed her separate income tax return for 1962 in New York. Petitioner was employed as an executive at an annual salary of $26,000. Her husband's income was approximately the same. Their child Adam was born on September 5, 1960, and resided with them throughout 1962 as did petitioner's son by a former marriage. The husband paid the rent, utilities and milk bills in 1962 which amounted to $4,100, $575, and $183.26 respectively. The *217 wife paid the food bills, amounting to $5,200, as well as charges for diapers and child's clothing, amounting to $360, and doctor's expenses, amounting to $205. She also paid nurse's wages as hereinafter set forth. Adam was a defective child, suffering with cerebral palsy, and it was necessary to have a full time nurse look after him. A nurse named Mae Lawrence was hired for this purpose. She had been trained in Ireland and was a registered nurse in that country, but was not registered as such in the United States. She lived in petitioner's apartment, sharing a room with Adam and caring for him on a 24-hour basis six days a week under the general supervision of a physician. She was paid $65 a week, or a total of $3,380 for 1962. It is undisputed that petitioner made such payments to the nurse. However, respondent contends that she was reimbursed therefor by her then husband. The issue is one of fact, and we are satisfied on the evidence before us that he did not reimburse her therefor either directly or indirectly. We so find as a fact. Our finding in respect of the foregoing item goes far to settle the question as to the dependency exemption. On the basis of the entire record *218 we hereby find as a fact that petitioner paid more than one-half of Adam's support for 1962, and that the nurse's wages represented a medical expense. Accordingly, we conclude that petitioner was entitled to the $600 exemption for Adam, and that the $3,380 paid by her to Adam's nurse qualifies as a medical expense in respect of which she is entitled to a deduction. Decision will be entered for the petitioner.